264 P.2d 279

## TAYLOR v. E. M. ROYLE CORP.

No. 8028.

Supreme Court of Utah.

Dec. 2, 1953.

Herbert F. Smart, Salt Lake City, for appellant.

Maurice Harding, Provo, for respondent.

HENRIOD, Justice.

Appeal from a judgment for plaintiff who claimed damages for breach of an express contract of employment. That por-

tion of the judgment based on a contract implied in law is reversed. No costs are awarded.

Plaintiff managed defendant's radio and television store under a written agreement calling for a salary and bonus, which contract, by its terms, ended March 1, 1951. Plaintiff stayed on as manager and accepted the same compensation until July, when he quit. During the interim the parties had talked of a new contract, but none was signed.

Plaintiff's complaint, a short form permitted under the rules, together with an attached exhibit, alleged that defendant owed him some $730 under the terms of a *new* contract consummated between March and July. No effort was made to amend the complaint to conform to any different proof, nor was any proof affirmatively offered to establish a quantum meruit theory. The trial court took the case under advisement. Several days later in a memorandum decision the court adjudged that there had been no express contract, but that plaintiff was entitled to recover on quantum meruit.

Quaere: Under our new rules can one recover on a contract implied in law where he pleads and attempts to prove an express contract, seeking no amendment of his pleadings, demanding no relief under and urging no claim under a quantum meruit or other theory?

Plaintiff says Rule 54(c) (1), Utah Rules of Civil Procedure [1] resolves the question affirmatively. We disagree. The rule reads in part that " * * * every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings. * * *"

Recently we had this rule before us in Morris v. Russell, Utah, 236 P.2d 451, 455, where plaintiff pleaded an (1) express contract and (2) quantum meruit. During the trial the latter count was stricken on defendant's motion, but was reinstated next day on plaintiff's motion. We held that a judgment based on the quantum meruit count did not violate the rule. Difference between that case and this is obvious. There, the defendant had notice of his opponent's claims, was not surprised, misled or prejudiced in his defense, having had an opportunity to meet the issues presented.

It is true that our new rules should be "liberally construed" to secure a "just * * * determination of every action",[2] but they do not represent a one-way street down which but one litigant may travel. The rules allow locomotion in both directions by all interested travelers. They allow plaintiffs considerable latitude in pleading and proof, to the point where some

1. Lifted from Federal Rule 54(c) (1), 28 U.S.C.A. Division of construction is reflected in Fed. Rules Digest, Vol. 2, pp. 257–260; Federal Rules Service, Vol. 8, pp. 822–834.

2. Rule 1(a), U.R.C.P.

people have expressed the opinion that careless legal craftsmanship has been invited rather than discouraged. Be that as it may, a defendant must be extended every reasonable opportunity to prepare his case and to meet an adversary's claims. Also he must be protected against surprise and be assured equal opportunity and facility to present and prove counter contentions,—else unilateral justice and injustice would result sufficient to raise serious doubts as to constitutional due process guarantees.

Mr. Justice Crockett, in the cited case, recognized the true implications of the rule and the fairness which it was designed to engender when he said: "The adding of the quantum meruit count, was the equivalent of permitting an amendment to conform to the proof. * * * There is no showing that the defendants were misled or prevented from presenting all their evidence or in any way prejudiced by reinstating the count."

Here the record indicates that the plaintiff had an express contract in mind, not one implied in law. Plaintiff sought no change in theory by way of pleading or proof. We believe an injustice would result if the rule were interpreted to charge the defendant with liability under quantum meruit, an issue he was never called upon to meet.

CROCKETT, Justice (concurring).

I concur in the opinion of Mr. Justice HENRIOD. Under the facts of this case it was improper to award judgment to plaintiff upon a theory of quantum meruit. The plaintiff had been working for the defendant at a specified salary; the new contract by which his salary would have been increased as discussed by the parties contemplated services on a yearly basis. The business is seasonal. A good portion of the year is quiet and the time is spent in preparation for the fall and winter when the greatest volume of merchandise is sold. Inasmuch as the plaintiff worked from March 1st until July, accepting the old salary, and then quit in the off season, the only fair assumption would be that he held over under the old salary. Any modification of it would have to be by express contract. This is the view the plaintiff had of the matter; he so declared in his complaint and the case was tried on that theory. Under those circumstances it seems manifestly unjust to impose liability upon the defendant for a higher salary on a theory of implied contract. This would simply permit the court, rather than the parties to fix the compensation of the plaintiff.

However under rule 54 requiring the court to "grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings * * *" there undoubtedly would be circumstances where the court could allow recovery under quantum meruit even though the plaintiff had declared on an express contract. It is of course true that such should never be done

unless the opposing party had a fair opportunity to be apprised of and meet the issue so presented.

McDONOUGH and WADE, JJ., concur in the opinion of Mr. Justice HENRIOD and also in the· comments of Mr. Justice CROCKETT.

WOLFE, C. J., not participating.