467 P.2d 405

. James D. CHRISTENSEN and Betty
Christensen, his wife, Plain-
tiffs and Respondents,

v.

Henry CORDOVA, Defendant
and Appellant.

No. 11752.

Supreme Court of Utah.

April 3, 1970.

L. E. Midgley, Salt Lake City, for appellant.

D. Gary Christian, of Kipp & Christian, Salt Lake City, for respondents.

HENRIOD, Justice:

Defendant appeals from a judgment in favor of Mrs. C for personal injuries, and in favor of Mr. C for both personal injuries and property damage arising from an auto collision on 24 August 1968, tried to the court without a jury, and in which case liability was admitted, but the extent of damages contested. Affirmed, except for Mr. C's claim for personal injury damages, which claim is remanded for further pro-

ceedings not inconsistent with this decision. No costs awarded.

Plaintiffs were policyholders of Reserve Insurance Co. Their policy included coverage for damages collectible from an "uninsured motorist." Their complaint was to recover 1) personal injury damages for Mrs. C, and 2) damages to Mr. C's car,—that's all.

On October 1, 1968, Mr. Wilde, defendant Cordova's attorney, filed an answer in the nature of a general denial. Wilde, for some undisclosed reason, withdrew as counsel on November 25, 1968, presumably *after* he learned of a written "Notice of Readiness for Trial," signed by plaintiffs' attorney, and dated November 22, 1968,— in which Notice demand was made for a *nonjury* trial, together with a certification that counsel had been given a copy thereof. This presumptive chronology is reflected in the fact that the Notice was filed with the court on the 25th while the Withdrawal was filed on the 26th of November.

On March 20, 1969, a form letter that set the case for trial on June 24, 1969, was directed to plaintiffs' attorney, with copy to Mr. Wilde, Mr. Cordova's withdrawn attorney. Concededly the copy should have been sent to Mr. Cordova, whose address was shown on the return of summons. On the other hand, Cordova, having had an attorney who withdrew, had some kind of a duty to keep track of his own case person-ally or by new counsel. However, we think the error was not critical in this case, since Cordova was represented by counsel before and at the trial.

From the time the Notice of Readiness was filed, Cordova seems to have been lost in the shuffle or translation until about seven months later, during which time the plaintiffs and Reserve agents engaged in considerable, but unsuccessful, negotiable fraternalism, without benefit of any apparent, but doubtfully helpful, participation on the part of the lost litigant. Then, on June 19, 1969, Cordova's present counsel of record, filed an appearance, accompanied by a demand for a jury trial based on the grounds that 1) present counsel had not been such before and 2) that because Cordova theretofore had had no counsel he could not have made such demand. Reason No. 2 seems to be without merit since Cordova had previous counsel who could have made such demand but did not, and because Cordova could have made such demand but did not.

Counsel for plaintiffs resisted the demand, and upon request supported it with a purported supporting affidavit, which supported nothing but a bit of jargon between plaintiffs' counsel and Reserve, which latter was neither party litigant nor altruist. Nonetheless, the trial court apparently concluded that the request for a jury five days before trial, without payment or proffer of a jury fee, so far as

the record reflects, was a bit belated, and besides, the record, an exhibit for all to see, including Reserve, the paymaster in this litigation, clearly reflected that the trial date of 24 June, 1969, was published and made a matter of record in the files *three* months before, on 20 March, 1969. Under the circumstances, without reading between any lines, any suggestion with respect to the relationship of the parties, we think the trial court did not err in refusing the jury request, which, though ordinarily constitutionally protected, has its reasonable limitations.

Cordova's Point I on appeal, having to do with denial of the jury trial, therefore is held to be unmeritorious. With respect to his Point III, claiming error in allowing the amendment by Mr. C to include damages for personal injuries, seems to be well taken, and we so conclude. This was an entirely different claim, vulnerable to an entirely different defense. It was not permitted to conform to the evidence, which the court in a proper case might or might not permit, but was permitted *before* any evidence was adduced. Plaintiffs' counsel say Cordova's counsel knew all about Mr. C's injuries, and that Reserve was the real party in interest. If that be the case, so did plaintiffs' counsel know all about it, so that in all fairness, the complaint should have been amended in writing many weeks or months before. At the trial, to ring in an additional $1,000 for personal injuries atop the $393 damages to the car, by simple interlineation, for which the forgotten litigant might be both primarily and secondarily liable, without benefit of clergy or chance to file any defensive pleading, not only prevents a timely demand for a jury trial on a new claim, but just isn't fair under the rules or any place else. We are disinclined to reserve such luxury even as against Reserve. Already the rules are about as loose as the national debt, without sanctioning indiscriminate pleading and practice by periphery.

CALLISTER, TUCKETT and EL-LETT, JJ., concur.

CROCKETT, Chief Justice (concurring in part, dissenting in part):

I concur with the main opinion in all respects relating to the affirmance of the judgment and particularly with the ruling that there is no merit to the defendant's contention that he was improperly denied a jury trial as to the main issues. Supportive of this is the fact that neither in the colloquy between the court and counsel in the proceedings connected with the commencement of the trial, nor at any time during the trial, did defendant's counsel state any objection to proceeding to a trial by the court, nor in fact even so much as mention the subject of a jury trial, but proceeded with a plenary presentation of the evidence and determination of the is-

sues by the court. For the same reason, I am unable to agree that it is proper to remand this case for trial on the issue as damages for Mr. James Christensen's personal injuries.

When plaintiff's counsel at the commencement of the proceedings, and before any evidence was presented, made a motion to amend the complaint to include damages for Mr. Christensen's injuries, Mr. Midgley, appearing in the interest of the defendant, Henry Cordova, stated that he objected to the amendment, but he made no mention whatsoever concerning the failure to have a jury. As to the amendment, the following colloquy is pertinent:

Mr. Christian (for plaintiff): * * * As to Mr. James Christensen we will move at this time to amend our complaint to make a claim for bodily injuries, claiming the sum of $232.50 as medical specials; $252 lost income; and $3,500 general damages.

Mr. Midgley: Now we object to that, your honor, because the time for amending the complaint and asking for an entirely new cause of action, that is long since past, *and it would be prejudicial to this defendant.*

The court: I will take that under advisement.

* * * * * *

Mr. Christian: I think it is not prejudicial to this defendant. I think that those who have retained Mr. Midgley to represent this defendant have been aware of what our claims have been all along. *They have requested and obtained an independent medical examination on both of these people. They have been supplied with all medical reports* . . . all hospital and medical bills, *and they know and have known that we would assert our claim for bodily injury.* (All emphasis added.)

It is significant that Mr. Midgley did not dispute, and so far as I am aware does not dispute, the emphasized portion of the statement just quoted. His objection to the amendment because "it would be prejudicial to this defendant" is rendered impotent by the universally recognized rule that the ground of an objection must be stated so the court and the opponent will know what is relied upon. If Mr. Midgley intended to contend that the allowance of the proposed amendment at that late time deprived him of a jury trial on that issue, fairness requires that he should have so stated or be deemed to have waived it.

I certainly agree if counsel had at that time indicated any reason why the defendant would be prejudiced or taken advantage of by allowing the amendment, and had made a request for a continuance, the request should have been granted. But he did not do so, and there is no indication that he was in any way misled, or prevented from presenting any evidence he desired,

nor that there was or is any other evidence to be considered on the matter. All he was entitled to was a fair opportunity to meet that issue. See Morris v. Russell, 120 Utah 545, 236 P.2d 451 and Taylor v. Royle Corp., 1 Utah 2d 175, 264 P.2d 279.

It is my view that the issues having been presented, tried and determined, apparently upon all of the evidence available for that purpose, they should now be concluded and the entire judgment including the $232.-50 medical expenses as special damages and $750 general damages for Mr. Christensen's injuries should be sustained.