**GENERAL INSURANCE COMPANY OF AMERICA, Plaintiff and Respondent,**

v.

**CARNICERO DYNASTY CORPORATION, a corporation, et al., Defendants and Appellants.**

**No. 13836.**

Supreme Court of Utah.

Jan. 9, 1976.

---

1. Utah, 527 P.2d 660.

2. Rule 76(c), U.R.C.P.

Ronald C. Barker, Salt Lake City, for defendants and appellants.

Wallace R. Lauchnor, Bayle & Lauchnor, Salt Lake City, for plaintiff and respondent.

MAUGHAN, Justice:

Plaintiff initiated this action to recover pursuant to certain indemnity agreements. The matter was tried before the court and judgment was rendered against defendants.

Of the defendants, Butchers alone appeal. We reverse.

Butcher was property manager for defendant Carnicero Dynasty Corporation, a construction company. Neither Butcher nor his wife was a shareholder or an officer of the corporation. Butcher, in his capacity as property manager, contacted plaintiff to procure a bid bond and payment and performance bonds for the corporation required by the government for the construction of a post office. Prior to issuing the bonds, plaintiff gave Butcher certain indemnity agreements to be executed by the officers of the corporation. Butcher, pursuant to instruction, procured the execution of the indemnity agreements by the individuals specified. Thereafter, plaintiff issued the bonds. Slightly over four months thereafter, plaintiff by its local agent requested the Butchers to sign an indemnity agreement, which they did. Rules cited refer to Utah Rules of Civil Procedure.

The evidence concerning the circumstances within which the Butchers individually executed the indemnity agreements was adduced during the presentation of the plaintiff's case. The testimony is summarized by the trial court in its remark that the insurance company as an obvious afterthought sent its agent to procure the signatures of Mr. and Mrs. Butcher on the indemnity agreement. Butchers' counsel made a motion, under Rule 15(b), to amend their answer to plead lack of consideration, on the ground that it was necessary to amend the pleadings to conform with the evidence.

The trial court denied this motion, on the ground that lack of consideration was an affirmative defense, of which the plaintiff had no notice. The trial court conceded that Butchers were not informed of the date of the indemnity agreement in the complaint but noted that a copy of the agreement was attached to certain interrogatories which were delivered on January 17, 1974. The court was of the opinion that this information as to the date of the indemnity agreement supplied a sufficient ground for Butchers to have amended their answer prior to the date of trial on May 22, 1974.

Plaintiff, in its complaint, alleged:

That the defendants, and each of them, in consideration for the issuance of said bonds, executed a General Agreement of Indemnity indemnifying the plaintiff herein for any and all loss that it might suffer as the result of its issuing said bonds.

Butchers, in their answer, neither admitted nor denied this averment, as required in Rule 8(b). Under Rule 8(b), this failure to respond by denial of the averment constituted an admission. The trial court was of the view that lack of consideration, although not specified as such, was an affirmative defense falling within Rule 8(c) and must be pleaded or it is waived under Rule 12(h).

A defense that merely controverts plaintiff's prima facie case is negative in character and should be pleaded in accordance with Rule 8(b) and Rule 8(c) then becomes inapplicable, for an affirmative defense raises matter outside the scope of plaintiff's prima facie case. Furthermore, since the enumeration of affirmative defenses in Rule 8(c) is not exclusive "any other matter constituting an avoidance or affirmative defense" must also be pleaded. Therefore, any matter that does not tend to controvert the opposing party's prima facie case shall be pleaded, and is not put in issue by a denial made pursuant to Rule 8(b).[1]

There is a distinction between lack of consideration and failure of consideration. Where consideration is lacking, there can be no contract. Where consideration fails, there was a contract when the agreement was made, but because of some supervening cause, the promised performance fails.[2] Thus, failure of consideration

---

1. 2A, Moore's Federal Practice (2d Ed.), Sec. 8.27[3], p. 185.

2. 1 Williston on Contracts (3d Ed.), Sec. 119A, p. 490.

is an affirmative defense as set forth in Rule 8(c). However, consideration or a substitute therefor must be established as part of plaintiff's prima facie case in a contract action. The defense of lack of consideration, a negative, is properly pleaded under Rule 8(b).

There is one other aspect which should be considered in connection with the trial court's denial of Butchers' motion to amend their answer. The trial court emphasized that Butchers should have amended their answer after receiving the answers to the interrogatories approximately four months prior to the trial. (The action had been commenced 3½ years previously.) However, the applicable law regarding this matter does not indicate that the defense of lack of consideration would become apparent merely by being apprised that the indemnity agreement was executed subsequent to the issuance of the bonds.

> . . . the execution of a bond of indemnity subsequent to the execution of the original undertaking will have the same force and effect as if it were executed simultaneously with the original undertaking, if its subsequent execution was pursuant to an arrangement or agreement between the indemnitee and the indemnitors, at the time or before the indemnitee became bound, that there should be executed to it a bond of indemnity. [Citations omitted.][3]

During the presentation of plaintiff's case, the facts were adduced that there had not been an arrangement between Butchers and plaintiff, prior to the time that plaintiff became bound under the bond, that Butchers would execute an indemnity agreement. Plaintiff, as an afterthought, requested Butchers' signatures on an agreement. Thus the evidence indicated that the agreement under which plaintiff sought recovery was lacking in consideration and was not a contract.

Butchers moved to amend their answer to conform to the evidence under Rule 15(b).[4] It has two separate parts. The first part provides that if issues are tried with the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.

> Rule 15(b), of course, is applicable to defenses[5] as well as to claims, and to the extent to which it applies, Rule 15(b) operates as an exception to the rule that defenses not pleaded are waived. The fact that a defense, even an affirmative defense, has not been formally pleaded is immaterial if the issue was tried by express or implied consent.[6]

The treatise by Moore explains that an amendment to conform to evidence may be made at any time on motion of any party. The parties may, by express consent, or by the introduction of evidence without objection, amend the pleadings at will. During the trial if a party expressly requests leave to amend to conform pleadings to the proof adduced and to reflect is-

---

3. *Fidelity & Deposit Co. of Maryland v. O'Bryan*, 180 Ky. 277, 202 S.W. 645, 646–647 (1918); also see *Wagner v. Fireman's Fund Insurance Company*, U.S.C.A. 10th, 1965, 352 F.2d 410.

4. 15(b) "Amendments to Conform to the Evidence.—When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these

issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court shall grant a continuance, if necessary, to enable the objecting party to meet such evidence."

5. See last sentence of Rule 12(h), U.R.C.P.

6. 3 Moore's Federal Practice (2d Ed.), Sec. 15.13[2], p. 987.

sues raised by either express or implied consent, such leave should be granted.[7]

The first part of Rule 15(b) should be contrasted with the second part where an amendment is offered during trial in response to an objection to evidence, in such a case, the standards set forth in the second part of Rule 15(b) will apply, viz., leave may be granted in the absence of prejudice, undue delay, or laches.[8]

■ The purpose of an amendment to conform to proof is to bring the pleadings in line with the actual issues upon which the case was tried. There must, of course, be either express or implied consent of the parties for the trial of issues not raised in the pleadings. Implied consent may be found where one party raises an issue material to the other party's case, or where evidence is introduced without objection.[9]

Significantly, the first part of Rule 15(b) is not permissive in terms, for it provides that issues tried by express or implied consent *shall* be treated as if raised in the pleadings.[10] Even failure to amend does not affect the result of the trial of these issues.

■ In the instant action, the evidence upon which Butchers based their motion to amend was introduced without objection, and thus the issue of consideration was tried by implied consent. The trial court denied the motion apparently upon the ground of undue delay, but such standards are applicable only to motions based on the second part of Rule 15(b). Since Butchers' motion to amend was predicated on the provisions in the first part of Rule 15(b), the trial court erred in denying the motion.

The judgment of the trial court is reversed and this cause is remanded for a new trial. Costs to appellant.

7. Id. at pages 989–991.

8. Id. at page 991.

ELLETT and TUCKETT, JJ., concur.

CROCKETT, Justice (concurring, but expressing reservations):

I concur in the remand for a new trial and generally with what is said in the main opinion. But I make these comments: A plenary examination into and resolution of the issue as to whether there was lack of consideration for the Butchers' signature seems to be necessary to a proper and just determination of the controversy. While it may appear from the facts as recited that there was no consideration for the later obtained signatures of the Butchers, it does not appear what the plaintiff Insurance Company did in reliance on the Butchers' promises either before or after their signature.

Notwithstanding what is said in the opinion about the apparent mandatory character of Rule 15(b) in allowing amendments, any such a motion is addressed to the discretion of the court. But I agree that he should exercise it liberally, in the interests of justice; and only in such circumstances and upon such conditions as will not place the adverse party at an undue disadvantage or result in unfairness or injustice to him. See, e. g., statements in *Taylor v. Royle,* 1 Utah 2d 175, 264 P.2d 279, and *Morris v. Russell,* 120 Utah 545, 236 P.2d 451. It should be had in mind that to the same purpose, Rule 54(c)(1), U.R.C.P., provides in part:

> Except as to a party against whom a judgment in entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.

HENRIOD, C. J., concurs in the views expressed in the opinion of CROCKETT, J.

9. Id. at pages 991–992.

10. Id. a page 996.