No. 48,794

KATHRYN M. O'TOOLE YUNGHANS, *Appellant,* v. JAMES P. O'TOOLE, *Appellee.*

(581 P.2d 393)

Opinion filed July 21, 1978.

*Fred S. Jackson,* of Topeka, argued the cause and was on the brief for appellant.

*John Weingart,* of Finley, Miller, Cashman & Schuetz, of Hiawatha, argued the cause, and *Harry E. Miller* and *Samuel L. Schuetz,* of the same firm, were with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: This action for partition of nine parcels of real estate was originally filed by Eugene F. O'Toole, one of three surviving children of Mary Reilly O'Toole and James J. O'Toole, both deceased, against his sister, Kathryn M. O'Toole Yunghans, and brother, James P. O'Toole. Mary Reilly O'Toole died intestate in 1930 and James J. O'Toole died intestate May 6, 1968. The nine properties, designated tracts 1 through 9, had been accumulated by the elder O'Tooles during their lifetimes. The two parcels of real property involved in this appeal will be referred to as "tracts 5 and 6."

Kathryn filed an answer and a cross-claim against her brother James alleging he had obtained title to tracts 5 and 6 as the result of an agreement among the three children that they would enter into a family settlement agreement after their father's death. She sought to impose a constructive trust on her alleged interest in tracts 5 and 6. While the action was pending in the trial court, Eugene died intestate and Kathryn and James P. succeeded to his interest in the properties as his heirs-at-law. Kathryn also sought an accounting of her brother's farming of the properties and to recover certain personal property belonging to her father at the

time of his death. The case went to trial on Kathryn's cross-claim against James. At times during the proceedings Kathryn is referred to as plaintiff and James as defendant. Kathryn has appealed from an adverse decision on several points.

Appellant's first contention is the court erred in not granting her partial summary judgment because James had failed to answer certain requests for admissions within the time allowed by the statutes. On October 5, 1974, appellant filed several requests for admissions which were not answered by appellee within 30 days as required by K.S.A. 60-236. On November 25, 1974, appellant moved for summary judgment on certain issues, arguing the requests must be taken as true due to the failure of appellee to answer within the 30-day period. On April 7, 1975, the trial court took the motion under advisement and gave appellee until May 1, 1975, to file his answers. He filed his answers to the requests for admissions on April 17, 1975, and at a subsequent pretrial conference, the court overruled appellant's motion for judgment and sanctions. The case did not actually go to trial until April 14, 1976.

Appellant contends the trial court abused its discretion in extending appellee's time to answer the requests for admissions when there had been no motion or request for additional time by appellee nor any objection to the requests for admissions. Appellant argues she was entitled to rely on the provisions of K.S.A. 60-236 to the effect that the matters contained in the requests for admissions are to be taken as true and that she was entitled to limited summary judgment on the matters covered by her motion.

K.S.A. 60-236(*a*) provides in part:

". . . The matter is admitted unless, within thirty (30) days after service of the request, *or within such shorter or longer time as the court may allow*, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, *signed by the party or by his attorney*. . . ." (emphasis added)

The statute grants broad discretion to the trial court in determining the reasonableness of any period longer than the stated thirty days. A leading authority comments in this regard on the federal counterpart to the Kansas statute:

"The court has power to allow additional time for a response to a request for admissions even after the time fixed by the rule has expired. Thus the court can, in its discretion, permit what would otherwise be an untimely answer." Wright and Miller, Federal Practice and Procedure: Civil § 2257, p. 719 (1970).

The trial court is also vested with considerable discretion in the enforcement of discovery proceedings and orders and in the assessment of penalties against non-complying parties. *Vickers v. City of Kansas City,* 216 Kan. 84, 531 P.2d 113 (1975).

Appellant alleges she was prejudiced by the court's action although she does not say in what manner. She was apprised of the issues to be decided in the pretrial conference and she had the appellee's answers nearly a year before the time of trial. There was no abuse of discretion by the trial court.

Appellant additionally complains that when the appellee finally did answer the requests for admissions, he did not do so in accordance with the provisions of K.S.A. 60-236 in that the answers were not made under oath. She contends that unverified answers are the same as no answers at all.

In 1970, Rule 36, the federal counterpart to our statute, was amended to do away with the verification requirement. In an order dated July 20, 1972, this court followed suit. K.S.A. 1972 Supp. 60-236. The order became effective January 1, 1973, nearly nine months before this case was even filed in the trial court. The requirement that the answers be sworn to has been eliminated. Signature by the party or counsel is now all that is required. See Gard, Kansas Code of Civil Procedure Annotated, (1977 Supplement), p. 68. The answers in this case were signed by one of the attorneys for appellee. This argument has no merit whatsoever.

In her second point, appellant argues the trial court erred in granting partial summary judgment to the defendant James P. O'Toole insofar as the action related to personal property which may have been owned by James J. O'Toole at the time of his death. The trial court ruled that any attempt on the part of the appellant to recover personal property was barred by the provisions of K.S.A. 60-513. Our partition statute was amended in 1963 to include personal property. K.S.A. 60-1003(a)(1). K.S.A. 60-513(a)(2) provides that any action for taking, detaining or injuring personal property, including actions for the specific recovery thereof shall be brought within two years. James J. O'Toole died in 1968 and this action was not filed until 1973. Although the statutes allow partition of personal property, appellant's action in this case was not timely filed. We find no error in the trial court's ruling on this point.

Appellant's final points deal with the trial court rulings as to

tracts 5 and 6. On September 26, 1950, James J. O'Toole, Kathryn M. O'Toole Yunghans (appellant) and her husband executed a deed conveying their interest in tracts 5 and 6 to James P. O'Toole (appellee). The deed was prepared by John D. Cunningham, an attorney at Seneca, Kansas, and was executed in his office. Appellee testified that he was told by his father that the deed was ready and that he (appellee) should pick it up and record it. Deeds to appellant covering tract 9 and to Eugene covering tract 8 were prepared, delivered and recorded. The deed to Eugene was executed on the same date as the deed to appellee and the deed to appellant was executed earlier in the same year. Appellee never picked up his deed from the office of Mr. Cunningham and later it was returned to James J. O'Toole, who placed it in the family safety deposit box in the bank at Axtell, Kansas. James J. O'Toole advised appellee the deed was there. Appellee had access to the safety deposit box, as did the other members of the family, and could have removed and recorded the deed at any time.

When the death of James J. O'Toole was imminent, Kathryn, along with her attorney, Barney Heeney of Topeka, called a family conference. The unrecorded deed was removed from the safety deposit box and Kathryn and Heeney directed appellee to record it immediately in order to keep the property out of probate. The deed was recorded by appellee that same day. James J. O'Toole died five days later.

Kathryn contends James was to pay their father $85.00 per acre for the property in tracts 5 and 6, that there was no delivery of the deed in 1950, and that it was recorded in 1968 to keep the property out of probate. She asserts there was to be a family settlement agreement and that a constructive trust should be impressed upon tracts 5 and 6 for her benefit to the extent of a one-half interest in the property.

The trial court found there had been a valid delivery of the deed, that no fiduciary relationship existed between appellee and his sister and that Kathryn had no right, title or interest in tracts 5 and 6.

The question of delivery of a deed is ordinarily one of fact with the usual test being whether the grantor by his acts or words, or both, manifested an intention to divest himself of title. *Libel v. Corcoran,* 203 Kan. 181, 452 P.2d 832 (1969); *In re Estate of Loper,* 189 Kan. 205, 368 P.2d 39 (1962); *Reed v. Keatley,* 187

Kan. 273, 356 P.2d 1004 (1960). Delivery is largely a matter of the grantor's intention to divest himself of title as evidenced by all the facts and circumstances surrounding the transaction. *Agrelius v. Mohesky,* 208 Kan. 790, 494 P.2d 1095 (1972). Where a deed is effectively delivered, the fact that it is handed back to the grantor for some purpose does not defeat the delivery. *Cole, Administrator v. Hoefflin,* 187 Kan. 66, 69, 354 P.2d 362 (1960); *Stump v. Smarsh,* 153 Kan. 804, 809, 810, 113 P.2d 1058 (1941).

"Upon appellate review this court accepts as true the evidence, and all inferences to be drawn therefrom, which support or tend to support the findings in the trial court, and disregards any conflicting evidence or other inferences which might be drawn therefrom. Where findings are attacked for insufficiency of evidence, or as being contrary to the evidence, this court's power begins and ends with determining whether there is evidence to support such findings. Where the findings are so supported, they will not be disturbed on appeal. It is of no consequence there may have been contrary evidence adduced which, if believed, would have supported different findings." *Farmers State Bank of Ingalls v. Conrardy,* 215 Kan. 334, Syl. ¶ 1, 524 P.2d 690 (1974).

There was adequate competent evidence to support the findings of the trial court.

The judgment is affirmed.