COBB, Judge.
This case raises the question of the extent of the discretion of a trial judge to allow the delinquent filing of requests for admissions. The plaintiffs, Adams and Hill, a law partnership, sued a corporate defendant, Sunny Hill South, Inc., and its president, Herbert Freel, for attorney fees. On December 12, 1980, the plaintiffs served a request for admissions on both the corporate and individual defendants. These requests were not answered within 30 days.
Florida Rule of Civil Procedure 1.370(a) provides that matters to which an admission is properly requested are
admitted unless the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter within 30 days after service of the request or such shorter or longer time as the court may allow. . . .
Subsection (b) of the rule states that
-any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to Rule 1.200 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved bv it and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the'merits.
On January 13, 1981, Sunny Hill South served a suggestion of pendency of bankruptcy. There was a scheduling conference on February 9, 1981. At the scheduling conference, it was argued whether the bankruptcy code stayed the entire proceeding or only stayed the proceeding with regard to the bankrupt party, Sunny Hill South. The trial court ruled that the case could proceed against Freel and Freel hand-delivered his answers to the request for admissions that day.
Plaintiffs moved to strike Freel’s answers to the request for admissions on the ground that Freel’s answers were not timely. The motion was argued prior to trial and the trial court denied the motion.
The case was tried without a jury and the trial court found in favor of Freel. Adams and Hill moved for rehearing and the trial court denied the motion. Plaintiffs are appealing the final judgment that was rendered in favor of Freel, primarily on the basis that the trial court erred in allowing Freel’s late answers to the request for admissions.
Since Florida Rule of Civil Procedure 1.370 is based on Federal Rule of Civil Procedure 37, federal cases interpreting the federal rule dealing with requests for admissions are highly persuasive. McKean v. Kloeppel Hotels, Inc., 171 So.2d 552 (Fla. 1st DCA 1965). Under the federal rule dealing with requests for admissions, a trial court may allow a party to file untimely answers to a request for admissions, even though the party has not moved for such an allowance. French v. United States, 416 F.2d 1149 (9th Cir. 1968); Herrin v. Blackman, 89 F.R.D. 622 (W.D.Tenn.1981). Other states that have rules patterned after the federal rules have followed this federal case law. Yunghans v. O’Toole, 224 Kan. 553, 581 P.2d 393 (1978); Farmers Elevator Co. of Horace v. Nagel, 307 N.W.2d 580 (N.D.1981).
In the case at hand, both defendants were relying upon the filing of the suggestion of bankruptcy by Sunny Hill South as a stay of the proceedings. Once the trial court ruled that the suggestion of bankruptcy only stayed the proceedings with regard to Sunny Hill South and not with regard to Freel, then Freel filed his answers to the request for admissions. There was no prejudice to the plaintiff in this situation. Although we do not suggest that the trial court has unfettered discretion to allow a party to file untimely answers to a request *1178 for admissions, we do not believe there has been a showing that such discretion was abused in this case.
Since the second point raised on this appeal is patently without merit, involving a simple conflict in the evidence resolved by the trier of fact, the judgment below is
AFFIRMED.
COWART, J., concurs.