**Elizabeth A. LENHART,
Appellant (Defendant),**

v.

**Edward V. DESMOND,
Appellee (Plaintiff).**

No. 85–46.

Supreme Court of Wyoming.

Aug. 29, 1985.

Jack Gage of Hanes, Gage & Burke, P.C., Cheyenne, for appellant.

William Bagley of Bagley, Hickey, Evans & Statkus, Cheyenne, for appellee.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

CARDINE, Justice.

This is an appeal from a judgment in favor of Edward V. Desmond in which the district court declared a deed recorded by Desmond's daughter, Elizabeth A. Lenhart, invalid and restored real property to him.

We affirm.

Appellant states her issues on appeal as: "First, given the burden of proof in cases challenging the delivery of a deed where the grantee is in possession of the deed was there enough evidence in the District Court to support the Judgment entered in favor of the Plaintiff/Appellee Edward V. Desmond?

"Second, even assuming that there was enough evidence to support the trial court's result, was there either an actual or constructive delivery of the deed from the Plaintiff/Appellee Edward V. Desmond to the Defendant/Appellant Elizabeth A. Lenhart under the law dealing with delivery of deeds so that the trial court's result is contrary to law?

"Third, should the Court reform the deed to vest a life estate in Desmond with the remainder in Lenhart?"

### THE FACTS

In 1974 Mr. Desmond executed a warranty deed to his daughter and only child, Elizabeth A. Lenhart. This was done because Mr. Desmond was then in his 80's and he thought that he had "better make arrangements, that in case of my death, why, Elizabeth can have all of my earthly possessions." Mr. Desmond executed the deed and placed it in his safety deposit box. Then he informed Mrs. Lenhart of his intentions of her getting the house when he passed on. To facilitate this he gave her access to the box through a signature card. Further, at the time of signing of this card, Lenhart became explicitly aware of the deed in the box. Subsequently, Desmond was injured in an automobile accident in July of 1983 and hospitalized. Lenhart returned to Cheyenne to help her father which required her to retrieve some insurance policies from the safety deposit box. After his release from the hospital, Des-

mond checked his box and found the deed was missing, although it had been there before the accident. The facts of exactly who removed the deed are in dispute. Mrs. Lenhart, however, recorded the deed in October of 1983.

The complaint in this action, asking that the deed recorded by appellant be declared invalid, was filed on May 22, 1984, by Edward Desmond. Mrs. Lenhart counterclaimed asking that the deed be held valid as a gift of the property. The trial court without a jury found generally in favor of Mr. Desmond entering a judgment invalidating the deed to appellant and dismissing her counterclaim.

### SUFFICIENCY OF THE EVIDENCE

It is well established that this court on appeal must accept the evidence of the successful party as true, leave out of consideration entirely the evidence of the unsuccessful party in conflict therewith, and give to the evidence of the successful party every favorable inference that may fairly and reasonably be drawn from it. *Landmark, Inc. v. Stockmen's Bank & Trust, Co.,* Wyo., 680 P.2d 471, 473 (1984); *Sowerwine v. Nielson,* Wyo., 671 P.2d 295, 301 (1983). It is also firmly established that the trial judge is in the best position to weigh and judge credibility of witnesses and to weigh the evidence. *State, ex rel. Wyoming Worker's Compensation Division v. Colvin,* Wyo., 681 P.2d 269, 271 (1984). Further, the findings of the trial judge must be sustained unless they are clearly erroneous or contrary to the great weight of the evidence. *Anderson v. Bauer,* Wyo., 681 P.2d 1316, 1326 (1984); *Salt River Enterprises, Inc. v. Heiner,* Wyo., 663 P.2d 518, 522 (1983).

In the case at bar there was a direct conflict in the testimony concerning the delivery of the deed and whether Edward Desmond intended that the property should pass to Lenhart immediately or upon his death. Mrs. Lenhart claimed that her father physically handed her the deed saying, "I went down and got the deed for you."

Mr. Desmond testified that he did not give the deed to his daughter nor did he intend for her to have the property before his death. Mr. Desmond was the successful party and his testimony must be taken as true.

■ Appellant argues, nevertheless, that the decision below must be reversed because the great weight of evidence is against appellee's position. Further, appellant claims that possession and recordation of the deed make out a prima facie case of delivery and that appellee must then establish nondelivery by clear and convincing evidence, rather than by a preponderance of the evidence. The appellant claims that the trial court used an inappropriate standard to judge the evidence when, in its decision letter, the court, recognizing a presumption of delivery from the fact of possession and recording of the deed, stated:

"This presumption may be rebutted by credible evidence going to the intent of the grantor.

\*    \*    \*    \*    \*    \*

"For the reasons cited herein, the Court is of the opinion that there was no delivery of the deed and the Plaintiff has proved by a *preponderance of the evidence* that he is entitled to judgment against the Defendant and is entitled to the return to him of the subject property." (Emphasis added.)

We said in *Forbes v. Volk*, Wyo., 358 P.2d 942, 945 (1961):

"The question then remains as to whether or not the deed was delivered. It came into possession of the grantee and it was recorded. These facts raise a presumption that it was delivered."

26A C.J.S. Deeds § 184(b), cited in *Forbes v. Volk*, supra, in support of its holding, states further:

"The presumption of due delivery arising from possession by the grantee is disputable and not conclusive, and the evidence sufficient to rebut the presumption is noted in § 204 infra." (Footnote omitted.)

The presumption of delivery arising from possession and recording of a deed is not conclusive, but may be rebutted by showing there was no delivery in fact or that possession was gained without the knowledge or consent of the grantor, 23 Am. Jur.2d Deeds § 159. The proof necessary to rebut the presumption of delivery of the deed, as stated in 26A C.J.S. Deeds § 204, is

"at least as between the grantor and the grantee, should ordinarily be determined by a fair preponderance of the evidence. Clear proof is required, however, where a gift is claimed; and where the rights of third persons have intervened, the proof of nondelivery should be clear and positive." (Footnotes omitted.)

Here the rights of third parties had not intervened. The trial judge undoubtedly viewed this contest as being between grantor and grantee, both living and presenting their case. The court in its decision letter found that "Plaintiff has proved by a preponderance of the evidence" that "there was no delivery of the deed." In support of this statement the court stated,

"Defendant testified that the Plaintiff had, of his own accord, gone to retrieve the deed from the safe-deposit box on a Saturday and had given the same to her with instructions to record it. The Court is skeptical of this testimony when it is coupled with the fact that the Plaintiff has requested that Defendant deed the property back to him and she refuses to do so. Her reason for not deeding the property back to the Plaintiff was that he would mortgage the property and spend the money on strong drink."

In essence, the court rejected appellant's testimony leaving only that evidence of appellee which clearly shows nondelivery.

■ Reviewing the record, we find that Mr. Desmond's testimony that he never intended Mrs. Lenhart to have the property before his death and that she took and recorded the deed without his knowledge or consent, was sufficient, persuasive and clear to rebut the presumption of delivery.

This is true especially when Mr. Desmond's unequivocal testimony is compared to Mrs. Lenhart's. We do not believe the trial court applied an incorrect burden of proof to the facts; but, were it so, it would not affect the result in this case for we view the evidence supporting the judgment as clear and sufficient and as we have said:

"Generally, if the trial court arrives at the correct result, no matter how incorrectly it reasons, errors occurring at the trial, if not prejudicial, are cured by a proper final decision." *Anderson v. Bauer*, supra at 1325.

## CONSTRUCTIVE DELIVERY

To effect a conveyance transferring title, a deed must be both executed and delivered. *Hein v. Lee*, Wyo., 549 P.2d 286, 292 (1976). At the time of the delivery the grantor's intent is of primary and controlling importance. *Rosengrant v. Rosengrant*, Okl.App., 629 P.2d 800, 802 (1981). Further, the controlling issue in determining if delivery was effective is whether the grantor manifested an intention to presently divest himself of title. *Matter of Estate of Courtright v. Robertson*, 99 Idaho 575, 586 P.2d 265, 269 (1978); *Yunghans v. O'Toole*, 224 Kan. 553, 581 P.2d 393, 396 (1978). Not only is intent a controlling factor, it is also the crucial one when constructive delivery is claimed.

"The intention of the parties is an essential and controlling element of delivery of a deed. Intention has been called the 'essence of delivery,' and not only is it often the determining factor among other facts and circumstances, *but is the crucial test where constructive delivery is relied upon.* Categorically stated, the rule is that it is essential to the delivery of a deed that there be a giving of the deed by the grantor and a receiving of it by the grantee, with a mutual intention to pass the title from the one to the other." (Emphasis added.) 23 Am. Jur.2d Deeds § 123.

In the case at bar, appellant claims that delivery occurred when the deed was placed in the safety deposit box and Mr. Desmond provided Mrs. Lenhart access to it. Appellant fails to realize that these actions alone do not constitute delivery since they fail the crucial test. According to Mr. Desmond's testimony, he did not possess the present intent to divest himself irretrievably of his property. Rather, he intended that Mrs. Desmond have the property upon his death. He believed he had put his affairs in order.

Appellant points to a number of cases from other jurisdictions which she believes hold that these actions alone can constitute constructive delivery. The reliance on these cases is unfounded because they refer to similar action coupled with an uncontroverted intent or an intent to immediately pass title inferred from other evidence. In the case at bar, the intent was very much controverted. In fact, Mr. Desmond stated that he never manifested the intent necessary to pass the title of his property to his daughter while he was alive. Without the requisite intent there can be no delivery.

We need not address the third issue on appeal, the *reformation of the deed*, because we affirm the trial court's judgment that the deed was ineffective to pass title, it not being delivered. Thus, we hold that the evidence was sufficient to declare the deed invalid and the property was properly restored to Mr. Desmond.

Affirmed.