**AQUAGEN INTERNATIONAL, INC., fka Hystar Aerospace Marketing Corporation of Arizona, an Arizona corporation, Plaintiff & Appellee,**

v.

**CALRAE TRUST, a Utah trust, Calvin B. Smith, Defendant & Appellant.**

No. 970201.

Supreme Court of Utah.

Sept. 4, 1998.

James N. Barber, Richard J. Leedy, Salt Lake City, for plaintiff.

Janet Goldstein, Park City, for defendant.

DURHAM, Associate Chief Justice:

We granted Calrae Trust's petition for an interlocutory appeal in order to review the trial court's issuance of a preliminary injunction against it. The court held that the language contained in a contract between Calrae Trust and appellee Aquagen International, Inc., was clear and unambiguous. This ruling had the effect of forcing Calrae Trust to perform a contractual obligation despite a complete failure to perform by Aquagen International, Inc., and its principal. We reverse.

Calvin B. Smith, trustee for Calrae Trust ("Calrae"), developed a formula whereby oxygen could be stabilized in water. Pursuant to a one-page contract between Calrae/Smith and Carlow Powers, Calrae transferred to Powers the rights to the formula. In return, Calrae was to receive $250,000 to be paid in four installments by Powers beginning in 1994. Calrae further agreed to a noncompetition clause in the contract and pledged to not compete with Powers or his assignees for a period of ten years. The contract additionally contained a short paragraph in which Calrae agreed to never make a claim against any assignee of Powers. Following execution of the agreement in 1993, Powers immediately assigned his rights in the formula to Aquagen International, Inc. ("Aquagen"), then known as Hystar Aerospace Marketing Corporation of Arizona (Powers is president of VIP Worldnet, Inc., which is the parent company of Aquagen). Calrae thereafter began to fulfill its obligations under the contract. Powers, however, failed to perform. No payment has ever been received by Calrae from any entity.

Calrae forwarded a written notice of default to Powers in 1996 and, after Powers failed to cure the default, Calrae declared the contract void for failure of consideration. Thereafter, despite having had the benefit of possession of the formula since June 1993, and despite its assignor Powers' failure to perform, Aquagen filed this lawsuit against Calrae alleging breach of contract.

In a curious interpretation of the contract language in question, Aquagen argued below that because Calrae agreed not to bring a claim against any assignee of Powers, Calrae had somehow waived its right to terminate the contract. Aquagen argued that by terminating the contract for failure of consideration, Calrae had, in effect, brought a claim against Aquagen in violation of the language of the agreement.

The trial court believed that the case "turns on a legal decision about which there are not facts in dispute. And the legal decision ... that needs to be addressed is whether Paragraph 5 is clear and unambiguous." Paragraph 5 contains the contract language in which Calrae agreed to bring no claim against the assignees of Powers:

> 5. Powers reserves the right to transfer all holdings and no claim can be made by Trust against any assignee of Powers.

The trial court concluded that paragraph 5 was clear and unambiguous and that Calrae had breached its contract by failing to go "after Powers for a judgment" rather than merely refusing to continue to perform. The trial court granted Aquagen's motion for preliminary injunction. Thus, Calrae has been compelled to perform its obligations under the contract to refrain from competing with Aquagen, despite Powers' complete failure to perform by way of making payments due. This holding is untenable, as the following analysis sets forth.

## I. PRELIMINARY INJUNCTION

When reviewing a trial court's grant of an injunction, we are generally careful not to disturb the ruling unless the court abused its discretion or rendered a decision clearly against the weight of the evidence. *Kasco Services Corp. v. Benson*, 831 P.2d 86, 90 (Utah 1992) (citing *System Concepts, Inc. v. Dixon*, 669 P.2d 421, 425 (Utah 1983)). "The trial court's discretion must be exercised consistently with sound equitable principles, 'taking into account all the facts and circum-

stances of the case.'" *Id.* (quoting *System Concepts*, 669 P.2d at 425).

Rule 65A(e) of the Utah Rules of Civil Procedure establishes the standard for issuance of a preliminary injunction. *See* Utah R. Civ. P. 65A(e). Rule 65A(e) mandates that a preliminary injunction may issue only when all four of the following factors are shown by the applicant:

> (1) The applicant will suffer irreparable harm unless the order or injunction issues;
>
> (2) The threatened injury to the applicant outweighs whatever damage the proposed order or injunction may cause the party restrained or enjoined;
>
> (3) The order or injunction, if issued, would not be adverse to the public interest; and
>
> (4) There is a substantial likelihood that the applicant will prevail on the merits of the underlying claim, or the case presents serious issues on the merits which should be the subject of further litigation.

Utah R. Civ. P. 65A(e) (1998). While the first three factors can arguably be decided either way in this case, we hold today that Aquagen could not prevail on the merits of the underlying claim. Because the fourth factor requires that a "substantial likelihood" of success on the merits be shown, and because we hold that Aquagen has no possibility of prevailing on the merits, we conclude that the trial court abused its discretion.

## II. APPLICABILITY OF PARAGRAPH 5

■ We accord a trial court's interpretation of a contract no deference and review it for correctness. *Equitable Life & Casualty Ins. Co. v. Ross*, 849 P.2d 1187, 1192 (Utah Ct.App.) *cert. denied*, 860 P.2d 943 (Utah 1993). In this case, paragraph 5 clearly prohibits Calrae from bringing a cause of action against any assignee of Powers. However, Calrae has not brought any claim against Powers or against any assignee of Powers, including Aquagen. Calrae simply refused to continue to perform its contractual obligations. The trial court erred when it held that Calrae's refusal to perform constituted a breach of the paragraph 5 provision; its conclusion that paragraph 5 in effect meant that the trust had to "limit itself to remedies for any breach under the contract to going after Powers for a judgment" was incorrect.

When Calrae finally refused to perform, after repeated attempts to convince Aquagen and Powers to comply with their contractual obligations, Calrae was not making an affirmative demand upon Aquagen, nor was it making a demand for compensation. Calrae did not bring any "claim" whatsoever against Aquagen. Therefore, there was no breach of paragraph 5. *See Homer v. Smith*, 866 P.2d 622, 629 (Utah Ct.App.1993), *cert. denied sub nom. Homer v. Sandy Hills*, 878 P.2d 1154 (Utah 1994). We hold not only that Calrae did not breach the contract, but also that paragraph 5 has no bearing on this dispute.

## III. FAILURE OF CONSIDERATION

Having held that paragraph 5 is inapplicable, we turn to the issue of consideration. The necessary consideration to form this contract between Calrae and Powers clearly existed at its inception. Consideration failed, however, when Powers repeatedly refused to pay the amounts promised.

### A. Consideration at Contract Formation

■ Calrae readily concedes that appropriate consideration to enter this contract existed at formation. We agree. The formation of a contract "requires a bargain in which there is a manifestation of mutual assent to the exchange and a consideration." *Restatement (Second) of Contracts*, § 17(1) (1981). Consideration sufficient to support the formation of a contract requires that "a performance or a return promise must be bargained for." *Id.* at § 71; *see also Resource Management Co. v. Weston Ranch and Livestock Co. Inc.*, 706 P.2d 1028, 1036 (Utah 1985) ("Consideration is an act or promise, bargained for and given in exchange for a promise.... For the mutual promises of the parties to a bilateral contract to constitute the consideration for each other, the promises must be binding on both parties."). In the contract before us, Powers promised to pay $250,000 in exchange for the assignment of Calrae's formula to Powers and Calrae's promise not to compete. In this bar-

gained-for exchange, an enforceable contract was obviously created.

### B. Failure of Consideration

 When one party to a valid contract commits an "uncured material failure" in its performance of the contract, the non-failing party is relieved of its duty to continue to perform under the contract. *Restatement (Second) of Contracts*, § 237 (1981). This general rule is based on the principle

> that where performances are to be exchanged under an exchange of promises, each party is entitled to the assurance that he will not be called upon to perform his remaining duties of performance with respect to the expected exchange if there has already been an uncured material failure of performance by the other party.

*Id.* at § 237, cmt. b. We have unequivocally held in the past that "[e]vidence of failure of consideration does not vary or alter the terms of a contract; it attacks the very existence of the contract for the purpose of proving it unenforceable." *Nielsen v. MFT Leasing*, 656 P.2d 454, 456 (Utah 1982). In fact, it is entirely permissible for a party to rescind a contract based on a failure of consideration. *See id.* at 457.

 " 'Failure of consideration [as opposed to lack of consideration] exists wherever one who has either given or promised to give some performance fails without his fault to receive in some material respect the agreed exchange for that performance.' " *Copper State Leasing Co. v. Blacker Appliance & Furniture Co.*, 770 P.2d 88, 91 (Utah 1988) (quoting *Bentley v. Potter*, 694 P.2d 617, 619 (Utah 1984)). If a failure of consideration occurs, the contract ceases to exist. *Id.* (citing *General Ins. Co. of Am. v. Carnicero Dynasty Corp.*, 545 P.2d 502, 504 (Utah 1976)).

 The only performance required of Powers by the contract was to pay for the rights he received to use the formula in four installments beginning June 1994. Powers never made a payment. Because he has failed to perform the only obligation required of him in the contract, we hold that he committed an "uncured material failure" suffi-

cient to render the contract unenforceable for failure of consideration.

We have also held that performance cannot be compelled when the non-failing party to a contract fails to receive that which has been bargained for. *See General Ins. Co. of Am.*, 545 P.2d at 504. The trial court abused its discretion in granting the preliminary injunction compelling Calrae to continue to perform a contract that is unenforceable. We therefore vacate the injunction.

---

Chief Justice HOWE, Justice STEWART, Justice ZIMMERMAN, and Justice RUSSON concur in Associate Chief Justice DURHAM's opinion.