**INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania Corporation, Plaintiff and Respondent,**

v.

**LANSEAIR TRAVEL AGENCY, INC., Preben H. Nielsen, and Rulon De-Young, Defendants and Appellant.**

No. 16604.

Supreme Court of Utah.

Sept. 3, 1980.

Edward M. Garrett, Salt Lake City, for Nielsen.

Richard N. Cannon, Salt Lake City, for defendants and appellants.

B. L. Dart and John D. Parken, of Dart & Stegall, Salt Lake City, for plaintiff and respondent.

WILKINS, Justice:

Insurance Company of North America (hereafter "INA") brought action to enforce the provisions of an indemnity agreement. From judgment entered against him by the District Court of Salt Lake County, sitting without a jury, in the amount of $16,286.85, Defendant Preben H. Nielsen appeals.

Defendant Lanseair is a Utah corporation and was organized in 1972 by Preben H. Nielsen, its president and principal stockholder, for the purpose of conducting a travel agency business. Lanseair entered into an agency contract with Air Traffic Conference (hereafter "ATC"), an unincorporated association of airline carriers. By the agency agreement, ATC agreed to deliver to Lanseair ticket forms and validation stamps of the various member airlines, and to allow Lanseair to sell tickets to custom-

ers, and to collect the fares for the same. In return, Lanseair agreed to remit fares collected to ATC, less Lanseair's sales commissions, within four days following the 10th, 20th, and 30th of each month. As a part of the agency contract, ATC required Lanseair to provide a bond in the amount of $10,000, payable to ATC if Lanseair failed to remit its collections.

INA issued a bond in favor of ATC, and upon application by Lanseair, included Lanseair in its coverage to the extent of $10,000. As a condition to including Lanseair in the bond coverage, INA required Nielson, in his individual capacity, as well as Lanseair, to execute an agreement indemnifying INA for any loss to INA under the bond.

Defendant Rulon DeYoung was hired by Lanseair as its manager and acted in that capacity from 1972 until 1974. On August 23, 1974, DeYoung purchased controlling stock of Lanseair from Nielsen and another major stockholder. DeYoung gave his promissory note for the purchase price; the sellers retained title to the shares as security. On the date of the sale Nielsen sent a letter to ATC informing it of the transfer of ownership of Lanseair to DeYoung, and asking ATC to inform the surety that Nielsen would no longer be personally liable on the bond. ATC had moved its offices in 1972; the letter was sent to the old address; INA was not notified.

Lanseair immediately experienced problems. In early September Lanseair's checking account was overdrawn by $40,000. Two remittance checks sent to ATC dated September 13 and 25, 1974, and totalling nearly $10,000 were returned marked "refer to maker." The annual bond premium, due September 1, was not paid and on September 10th INA sent notice to Lanseair and ATC that the bond would be cancelled as of October 10, 1974, giving 30 days notice in accordance with the provisions of the bond. Rulon DeYoung refused to honor his contract for the purchase of Lanseair stock, and informed ATC that he could not cover the remittance checks.

ATC notified Lanseair that the agency agreement was cancelled, picked up the airline ticket forms and validation stamps and notified its member airline carriers to document their losses of tickets sold but unpaid by Lanseair. The claims received by ATC from seven member carriers were admitted into evidence over the objection of Defendant Nielsen. The total of these claims exceeded $10,000 and ATC made claim against INA for the full amount of the bond, which was paid on January 22, 1975. INA then brought this action to recover on the indemnity agreement.

Nielsen filed a third party complaint against ATC but as he was unable to serve that party prior to trial, that action was severed. Lanseair defaulted, and judgment was entered against it. The District Court found that INA had no cause of action against DeYoung, and the complaint as against him was dismissed. Nielsen was found liable on the indemnity agreement and judgment was entered against him for the $10,000 loss together with attorney's fees, interest and costs of court as provided by the indemnity agreement.

Nielson contends that the District Court erred in finding him liable to INA under the indemnity agreement, as it had (1) been revoked by Nielsen, and (2) expired due to non-payment of the bond premium.

The indemnity agreement provides in pertinent part:

In consideration of the inclusion of the undersigned in the Schedule Bond as aforesaid, the undersigned agrees to perform all the conditions of all agreements entered into with Air Traffic Conference of America, in its capacity as agent for the several air carriers which are parties to the Air Traffic Conference Agency Resolution, and will fully indemnify and save Surety harmless from and against any and all loss, costs, charges, suits, damages, counsel fees and expenses of whatever kind or nature which the Surety shall sustain or incur or be put to, by reason or in consequence of the Surety having included the undersigned in the aforesaid Schedule Bond, or any continuation thereof or any successory obligation in the same or a different amount; further agreeing that Surety shall have the exclusive right to adjust, settle, or compromise any claim under this obligation, and any voucher or other evidence of any loss, costs and expenses paid in good faith by the Surety shall be prima facie evidence of the fact and extent of the liability of the undersigned, . . .

In essence, then, Nielsen, the indemnitor, agreed to hold INA harmless from any loss which the surety sustained under the bond, and was bound by its terms until the agreement was properly revoked or terminated.[1]

While it is generally held that either party to an indemnity agreement may revoke it at will,[2] it has been held by this Court that such revocation must be with notice to the other party which is clear and unequivocal.[3] Further, it is fair and reasonable that the indemnitor can absolve himself from liability only after giving the surety reasonable time to secure a release from its own liability.[4] The evidence shows that the letter by which Nielsen asserts revocation was not sent to INA. There is no other evidence that INA received notification of revocation. Thus Nielsen's arguments that he revoked the agreement, and that it expired upon non-payment of the premium on the bond are both without merit. INA's obligation under the bond did not expire automatically on nonpayment of the premium, but under the provisions of the bond, could be cancelled only upon giving 30 days notice of cancellation to ATC. As the loss occurred within that 30-day period, Nielsen is liable under the indemnity agreement.

1. *Wells Fargo Bank v. Midwest Realty Finance, Inc.*, Utah, 544 P.2d 882 (1975).

2. See 41 Am.Jur.2d, Indemnity, Section 8, and cased therein cited.

3. *Wells Fargo Bank v. Midwest Realty Finance, Inc.*, supra, note 1.

4. *American Surety Co. v. Blake*, 54 Idaho 1, 27 P.2d 972 (1933).

Nielsen further contends that the Court erred in admitting certain evidence over his hearsay objections. The items contested were (1) a copy of the bond, (2) the claims received by ATC from its member airlines, to which copies of issued tickets were attached, and (3) a letter from a C.P.A. engaged by INA who reviewed the said claims, in which the C.P.A. gave his opinion that the claims were valid and the claim payable to the extent of the bond. The C.P.A. was not present in court to testify. Only a Ms. Dolan, who testified that she was employed by ATC and was in charge of claims against bondsmen, testified concerning this evidence. She testified that these documents were received in the usual course of business and the court admitted them under the business records exception to the hearsay rule.[5]

The indemnity agreement, quoted supra, provides: "any voucher or other evidence of any loss, costs and expenses paid in good faith by the Surety shall be prima facie evidence of the fact and extent of the liability of the undersigned." The cancelled check by which INA paid ATC's claim was admitted into evidence, and adequately established, prima facie, that INA paid the claim to the full extent of the bond. Defendant failed to establish an adequate defense. We express no opinion as to whether the contested evidence was properly received under the business records exception to the hearsay rule, because we find that the evidence was not in any event prejudicial to Nielsen, since payment in good faith by INA was not rebutted.

Defendant also contends that the Court erred in refusing to admit certain evidence proffered by him, which, he asserts, would prove an offset to ATC's claim. This evidence is properly admissible against ATC in the severed action but, as against INA, the plaintiff here, we believe that it would be probative only on the issue of whether INA paid the ATC claim in good faith. The court found, however, that neither Nielsen nor DeYoung had notified INA or ATC of these possible credits until after INA had made payment under the bond. The evidence supports this finding, and we do not therefore believe that the District Court erred in refusing to admit these possible credits.

INA has cross–appealed, claiming further attorney's fees for defense of this appeal. We remand this case to the District Court for determination of reasonable attorney's fees to be awarded plaintiff. Affirmed; costs to plaintiff.

CROCKETT, C. J., and MAUGHAN, HALL and STEWART, JJ., concur.

---

5. Rule 63(13), Utah Rules of Evidence.