**CAR DOCTOR, INC., Plaintiff and Respondent,**

v.

**Anthony BELMONT and Gregory Olinyk, Defendants and Appellants.**

No. 17239.

Supreme Court of Utah.

Aug. 10, 1981.

George H. Speciale, Salt Lake City, for defendants and appellants.

Ellen Maycock, Salt Lake City, for plaintiff and respondent.

---

STEWART, Justice:

This is an appeal by defendants Anthony Belmont and Gregory Olinyk from a judgment of the Third District Court sitting without a jury. The court found that plaintiff, Car Doctor, Inc., was entitled to a return of $25,000 paid by it as a contribution for a proposed partnership which failed when certain conditions precedent to the formation of the partnership failed. In addition, defendants' counterclaim for breach of the partnership agreement was dismissed.

In January or February 1977 the officers of plaintiff Car Doctor, Inc., David Robinson and Gordon Giles, began negotiations concerning the formation of a partnership to operate a private liquor club and restaurant in Ogden, Utah, known as the Winery. On March 4, 1977, the parties entered into a preliminary agreement containing certain express conditions which were to be met before a partnership among the parties would become effective. Those conditions were:

1. Belmont would execute an indemnification agreement holding Car Doctor harmless against any claims by one Stanley Adams who had a prior interest in the Winery.

2. An agreement would be entered into between the partnership and the Nottingham Mall Businessman's Association, dba the Winery, for the management of the Winery.

3. A sublease of the premises and equipment for the Winery would be executed between the partnership and the Association.

4. Approval by the Liquor Control Commission of the management and other contractual arrangements entered into by the partnership would be obtained.

5. An accounting of the funds contributed by Car Doctor up to the date of the agreement showing that the funds were expended for the direct benefit of the partnership's operation of the Winery would be made by Olinyk.

The agreement went on to recite that "[i]n the event that all these conditions are not met, Car Doctor shall have the right to nullify and void the partnership agreement and receive back all monies . . . contributed to the partnership."

On the same day the preliminary agreement was executed, March 4, 1977, plaintiff issued a check in the amount of $10,000 payable to Olinyk. On March 9, 1977, the parties executed a formal partnership agreement which was to govern the operation of the partnership once the conditions were met. On March 11, 1977, a second check in the sum of $15,000 was given to Belmont.

In early May 1977 all the parties entered into negotiations with the owner of the leasehold utilized by the Winery with a view toward exercising an option to purchase the leasehold. During this same period of time, the relationship between the officers of Car Doctor and the defendants began deteriorating, and in June 1977 this action seeking recovery of the $25,000 was commenced.

The matter was tried to the district court sitting without a jury on July 14, 1980. The court found, inter alia, that the conditions set forth in the agreement of March 4, 1977, had not been fulfilled and concluded that no valid and binding partnership came into existence. The court held that plaintiff was entitled to recover the $25,000 paid by it.

Defendants raise two points on appeal. The first is that the district court erred in finding that no partnership came into existence pursuant to the written agreement of March 9, 1977. The second is that plaintiff, through the conduct of its officers, is estopped to deny the existence of a partnership.

On review, this Court is obliged to view the evidence and all inferences that may be drawn therefrom in a light most supportive of the findings of the trier of fact. *Ovard v. Cannon*, Utah, 600 P.2d 1246 (1979); *Culley v. Culley*, 17 Utah 2d 62, 404 P.2d 657 (1965); *Cheney v. Rucker*, 14 Utah 2d 205, 381 P.2d 86 (1963). The findings and judgment of the trial court will not be

disturbed when they are based on substantial, competent, admissible evidence. *Fisher v. Taylor*, Utah, 572 P.2d 393 (1977); *Gibbons & Reed Co. v. Guthrie*, 123 Utah 172, 256 P.2d 706 (1953).

The record discloses substantial evidence in support of the findings and judgment of the district court. The bulk of the evidence at trial came from the testimony of the officers of Car Doctor and from Belmont and Olinyk. The testimony was in sharp conflict; however, as to the five conditions listed in the March 4, 1977, agreement, the record supports the finding that none was completed. Since the agreement stated that the partnership agreement "shall not become effective until the following conditions have been met," the trial court properly concluded that no partnership came into existence.

As to the estoppel issue, defendants argue that pursuant to § 48–1–13, Utah Code Ann. (1953), as amended, a partnership by estoppel was established.[1] We need not decide whether the doctrine of partnership by estoppel can ever be applied between putative partners, since there is nothing in the record to indicate, nor did the lower court find, that plaintiff's actions in this case were either inconsistent with or sufficient to nullify the outstanding conditions of the written agreement. Rather, the conduct of plaintiff through its officers at all times remained subject to the agreement which specified when the partnership would come into existence.

It follows that judgment was properly rendered in favor of the plaintiff on its claim, and against defendants on their counterclaim.

The judgment is affirmed. Costs to Respondent.

HALL, C. J., and HOWE and OAKS, JJ., concur.

MAUGHAN, J., heard the arguments but died before the opinion was filed.

1. That section provides in pertinent part:

When a person by words spoken or written or by conduct represents himself, or consents to another's representing him, to anyone as a partner, in an existing partnership or with one or more persons not actual partners, he is liable to any such person to whom such representation has been made who has on the faith of such representation given credit to the actual or apparent partnership....