**DeLoy PORTER and Keith W. Bettridge, dba Porter and Bettridge, Plaintiffs and Respondents,**

v.

**Larry H. GROOVER, Defendant and Appellant.**

No. 20956.

Supreme Court of Utah.

Feb. 19, 1987.

Charles W. Hanna, Salt Lake City, for defendant and appellant.

John W. Call, Salt Lake City, for plaintiffs and respondents.

PER CURIAM:

Plaintiffs do business as a collection agency which brought this suit on behalf of Karen Edwards and Judy Smith, two former employees of corporations controlled by defendant Groover. Both women terminated their employment when Groover

---

**2.** At the time of trial, present section 78–3a–      16(1)(f) was codified at section 78–3a–16(5).

failed to make good his promises that they would receive their share of bonuses to supplement salaries that both felt were inadequate compensation for the work they performed. Both women negotiated settlement agreements with Groover under which they were to be paid cash that was to be used for the purchase of certain stock of a corporation they understood was to make a public offering in a matter of months. Groover refused to perform under the agreements, and this action followed.

At trial, Edwards and Smith claimed that they had negotiated the settlement as a compromise of the bonus payments they believed they had earned and never received. Groover's defense was that he had intended a gift and that no consideration was given by Edwards and Smith for the agreements. He claimed that in any event the corporation had never gone public and that contingency was a condition precedent to his promise to pay cash for the purchase of its stock. The trial court found that the settlement agreements among the parties constituted an accord and satisfaction and that the obligation to make the cash payments was not subject to a condition precedent. Judgment in favor of Edwards and Smith was entered accordingly.

 The result in this case is governed by our decision in *Kimball v. Campbell*, 699 P.2d 714 (Utah 1985). If a contract is ambiguous and the trial court proceeds to find facts respecting the intentions of the parties based on extrinsic evidence, this Court will not disturb the findings and judgment so long as they are based on substantial competent, admissible evidence. *Kimball*, 699 P.2d at 716.[1] Whether a promise is conditional depends upon the parties' intent, which is derived from a fair and reasonable construction of the language used in light of all the circumstances when the parties executed the contract. *Id.* (citing *Creer v. Thurman*, 581 P.2d 149, 151 (Utah 1978)).

 The trial court found that the employment termination settlement agreements were intended as a compromise of the bonus compensation claimed by Edwards and Smith and not paid by Groover during their employment. The trial court also found that the public issue of the corporate stock was not a condition precedent to Groover's obligation to make cash payments to Edwards and Smith. Those findings are supported by substantial evidence, and we affirm the trial court's judgment.

---

1. Effective January 1, 1987, Utah Rule of Civil Procedure 52(a) requires that in reviewing judgments after a trial to the bench, "findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." As we hold that the proper evidentiary basis exists here for the findings, those findings are not "clearly erroneous."