**SEASHORES INC., Plaintiff and Respondent,**

**v.**

**Glen W. HANCEY, dba Hancey Plumbing and Heating, Defendant and Appellant.**

**No. 860033–CA.**

Court of Appeals of Utah.

June 10, 1987.

---

Jack Helgesen, Ogden, for plaintiff and respondent.

N. George Daines, Daines & Kane, Logan, for defendant and appellant.

Before BENCH, JACKSON and ORME, JJ.

## OPINION

BENCH, Judge:

Defendant appeals a trial court judgment for money due plaintiff under a subcontract agreement. We affirm.

Plaintiff Seashores Inc. operates a sheet metal fabrication shop. Defendant Glen W. Hancey operates a plumbing and heating business called Hancey Plumbing and Heating. In 1981, Utah State University invited bids for the construction of the Skaggs Nutritional Research Laboratory. Defendant bid on the mechanical, or plumbing and heating, portion of the construction. As part of his total bid, defendant invited bids from subcontractors, including sheet metal subcontractors. In order to facilitate the bid process, the sheet metal subcontractors set up a bid depository. The depository sent preliminary bid forms to all bidding sheet metal subcontractors and to all mechanical contractors requesting bids. The preliminary bid form listed all work and equipment to be provided or excluded. Listed under equipment to be provided by the sheet metal subcontractor was an exhaust fan designed to exhaust perchloric acid ("EF–8"). Printed on the back of this form is the following notice; **"THIS LIST MAY NOT BE COMPLETE. PLEASE CHECK FOR LATE ADDITIONS OR DELETIONS. REMEMBER IT IS YOUR RESPONSIBILITY TO CHECK WITH THE SMCA OFFICE FOR LAST MINUTE CHANGES."**

Shortly before the bids closed, the depository contacted all sheet metal subcontractors and instructed them to exclude from their bids the EF–8. Plaintiff and all the other sheet metal subcontractors bidding on the Utah State University project excluded the EF–8 before submitting final signed bids on September 2, 1981.

The following morning, the day his bid was due, defendant telephoned the depository. Having no time to pick up the bids, he asked for the price of the lowest bid. Plaintiff was low bidder at $37,769.00. Defendant did not ask the depository about any exclusions from the bid. Relying on the quoted price and the unsigned preliminary bid form, defendant completed his bid and submitted it to his depository. After defendant submitted his bid, he telephoned plaintiff to discuss the bid. No exclusions, except refrigeration work, were discussed.

Utah State University awarded defendant the contract for the mechanical portion of the construction. Defendant prepared a subcontract agreement and mailed it to plaintiff. The contract made no specific reference to the EF–8, but simply required plaintiff to supply labor, materials, and equipment for the following:

Sheet metal, Mechanical as called for on the plans and spec's. complete, Sheets M–1, M–2 and M–3 with all pertaining on any other sheets. (Punctuation in original.)

Plaintiff executed the agreement and returned it in October, 1981. Work commenced in early 1982.

Near the end of 1982, as the time drew near for the EF–8 to be installed, defendant contacted plaintiff and requested the fan. Plaintiff refused as the bid excluded the EF–8. Since defendant was bound under his contract, he supplied the EF–8 at a cost of $6,335.00. Plaintiff completed its work in December, 1982, and requested payment of defendant. Defendant withheld $11,677.00 for the EF–8, anticipated legal costs, and a filter plaintiff admittedly failed to provide. Plaintiff filed suit to recover the unpaid amount.

Trial was held February 17, 1984 in Cache County District Court. The court heard testimony and received evidence from both parties concerning interpretation of the project plans and specifications. Plaintiff attempted with its first witness to introduce evidence concerning plaintiff's bid and the bid depository process. Defendant objected based on the parol evidence rule. The court, after hearing arguments of counsel, determined an ambiguity existed in the contract and admitted plaintiff's evidence.[1]

The court concluded plaintiff's bid was an integral part of the contract and the rules and regulations of the bid depository were integral to the contract between the parties. The court found no proper interpretation of the contract could be made without referral to plaintiff's bid which did not require plaintiff to supply the EF–8. The court entered judgment for plaintiff against defendant in the amount of $10,-730.00 plus interest, the $11,677.00 withheld less $947.00 for the filter plaintiff admittedly failed to provide.

Defendant filed a notice of appeal on May 21, 1984. On appeal, defendant contends the subcontract agreement was clear and unambiguous, and, therefore, the trial court erred in admitting extrinsic evidence to interpret the contract.

This case is governed by principles articulated in *Kimball v. Campbell*, 699 P.2d 714 (Utah 1985). In *Kimball*, the Utah Supreme Court explained:

A contract's interpretation may be either a question of law, determined by the words of the agreement, or a question of fact, determined by extrinsic evidence of intent. If a trial court interprets a contract as a matter of law, we accord its construction no particular weight, reviewing its action under a correctness standard. However, if the contract is not an integration or is ambiguous and the trial court proceeds to find facts respecting the intentions of the parties based on extrinsic evidence, then our review is strictly limited.

*Id.* at 716 (citation omitted).

The Court then went on to define the "strictly limited" standard by quoting the following language from *Car Doctor, Inc. v. Belmont*, 635 P.2d 82, 83–84 (Utah 1981):

[T]his court is obliged to review the evidence and all inferences that may be drawn therefrom in a light most supportive of the findings of the trier of fact. The findings and judgment of the trial court will not be disturbed when they are based on substantial, competent, admissible evidence. (Citations omitted.)

*See also Porter v. Groover*, 734 P.2d 464 (Utah 1987).

The subcontract agreement in the instant case is ambiguous. Because its interpretation is a factual matter, our review is strictly limited. We will not disturb the findings and judgment since they are based on substantial, competent, admissible evidence.

Judgment for plaintiff is affirmed.

---

**1.** Testimony in the trial supported the court's finding an ambiguity. John Anderson, a licensed journeyman mechanical engineer, testified on behalf of defendant that the contract, plans, and specifications indicate plaintiff was to provide the EF–8. On the contrary, John Thomas, plaintiff's manager, and Nick Theos, bid depository administrator, both testified the contract, plans, and specifications required defendant to supply the EF–8.

JACKSON, J., concurs.

ORME, J., concurs with opinion.

ORME, Judge (concurring):

Had the parties simply proceeded to perform on the basis of defendant's acceptance of plaintiff's bid, I would readily agree that defendant would appropriately bear the loss resulting from the confusion in this case since the bid clearly excluded the fan and defendant unqualifiedly accepted the bid. If this were such a case, defendant would bear the risk that the bid he accepted "sight unseen" will be different than he guesses it to be.

In this case, however, a subsequent, formal, written subcontract agreement was entered into by the parties. If, as defendant contends, that subcontract agreement unambiguously incorporates provisions which clearly require installation of the fan, I would as readily hold for defendant in the absence of language in the subcontract affirmatively excluding the fan from those provisions. If the subcontract tendered to plaintiff would require it to do more than it proposed to do in its bid, it is incumbent upon plaintiff to insist upon such refinements as will make the subcontract consistent with the accepted bid. Otherwise, plaintiff bears the risk that the superceding subcontract will require it to do more than it initially proposed to do.

Despite the parties' efforts to have us view the case as one which, in effect, is governed by one or the other of the principles just discussed, the instant case is in a more fluid posture.

I of course agree with the main opinion, in which I fully concur, that interpretation of unambiguous contractual provisions is a question of law which we review as such, according the trial court's resolution no particular deference. I also agree that if the contract is ambiguous, the trial court must entertain extrinsic evidence and the finder of fact must decide, *as a matter of fact,* what was intended, in which event we will defer in accordance with the doctrine ably explained in the main opinion. I wish to make clear, however, that the threshold question of whether or not the contract is ambiguous is itself a question of law. *See, e.g., Faulkner v. Farnsworth,* 665 P.2d 1292, 1293 (Utah 1983). Thus, we must conclude, *as a matter of law,* that the contract is ambiguous before we go to the next step, namely that of evaluating the facts found under the restrictive and deferential standard by which factual findings are reviewed.

The instant subcontract is indeed ambiguous. One key ambiguity is of defendant's own drafting, namely the curious phrase, included in the paragraph quoted in the main opinion, "with all pertaining on any other sheets." The other salient ambiguity is part of the preprinted form: "The Contractor and the Subcontractor agree to be bound by the terms of the prime contract agreement, construction regulations, general conditions, plans and specifications, and any and all other contract documents...." The trial court appropriately took evidence in an effort to answer the obvious questions: What "other sheets"? What "construction regulations"? What "other contract documents"? The testimony was in conflict. The testimony credited by the trial court adequately supports a finding that the bid sheet was "any other sheet," that the depository's rules and regulations constituted "construction regulations," and that both the bid forms and the depository's forms would be "other contract documents." Any one of these findings would save plaintiff. All three findings are implicit in the court's explicit findings that "the contract between the parties is ambiguous without reference to the use of the depository and bids submitted," that "no proper interpretation of the contract between the parties can be made without reference to the bid," that the bid "is an integral part of the contract," and that the "rules and regulations of the sheet metal contractors bid depository" are "integral to the contract." It is inconsequential on appeal that other testimony, if preferred, would have supported contrary findings.