2017 UT App 33

## THE UTAH COURT OF APPEALS

JOHN MARDESICH AND MARIE MARDESICH,
Appellants,
*v.*
SUN HILL HOMES LC,
Appellee.

Opinion
No. 20150730-CA
Filed February 24, 2017

Fifth District Court, St. George Department
The Honorable G. Michael Westfall
No. 080502342

James L. Spendlove, Attorney for Appellants

Adam C. Dunn and Clifford V. Dunn, Attorneys
for Appellee

JUDGE J. FREDERIC VOROS JR. authored this Opinion, in which
JUDGES KATE A. TOOMEY and JILL M. POHLMAN concurred.

VOROS, Judge:

¶1     Plaintiffs John and Marie Mardesich (collectively, the Homeowners) appeal from a trial court order granting a motion for new trial filed by defendant Sun Hill Homes (the Builder). We affirm.

BACKGROUND

¶2     The Builder developed the subdivision where the Homeowners' residential property (the Property) is located. The Builder prepared and graded the Property according to a grading plan created by a third-party engineer. The Builder also retained Applied Geotechnical Engineering Consultants (the

Engineering Firm) to conduct a geotechnical investigation of the lots in the subdivision. The parties entered into a Real Estate Purchase Construction Contract (the REPC) for the purchase and sale of a newly constructed house on the Property.

¶3 The REPC allocated the risk of loss and set forth the duties of the Builder and the Homeowners; of particular significance here, it released the Builder from any liability with respect to "[f]uture improvements by Buyer, including walls, fencing, grading, landscaping or excavation work on the Lot which could disrupt drainage and/or retention and cause flooding or ponding if not correctly engineered . . . ." The REPC also contained an integration clause and an attorney fee provision.

¶4 Before the house was completed, flood waters damaged the Property. The Builder received funding from the Natural Resources Conservation Service, a division of the United States Department of Agriculture to change the grading of the Property and to add rock retaining walls to protect the subdivision from future flooding. In making these improvements, the Builder added soil that substantially increased the buildable size of the Property.

¶5 In May 2006 the Homeowners closed on the sale of the Property. Later they hired a pool builder to excavate their backyard and build a pool and spa. During the construction, the Engineering Firm told the pool builder that "the area where the pool was being constructed was . . . outside the area that had been treated to take care of potentially expansive soils and potentially collapsible soils due to the proximity to the edge of the slope." The pool builder continued construction. Later the pool and spa experienced significant settling, causing a differential elevation exceeding the industry standard. The Homeowners sued the pool builder; they also sued the Builder,

alleging breach of the REPC. After a two-day bench trial, the trial court awarded damages to the Homeowners.[1]

¶6     The trial court found that the Builder was aware that the Homeowners wanted to build a pool on the Property before the 2005 flood. The trial court also found that, after the 2005 flooding and regrading of the Property, "[the Builder] took no action to investigate the effect the changed grading had on the suitability of the Lot for the construction of a swimming pool." The trial court found that the "REPC imposes a duty on [the Builder] to investigate the suitability of the soil added to [the Property] for its intended use as a buildable lot for the construction of a swimming pool," but that the risk of loss associated with the placement of additional soil on the Property "was left unaddressed by the parties." The trial court concluded that where "there is no express understanding as to the changed circumstances, the risk associated with the placement of the additional soil is placed in the hands of [the Builder]." The trial court identified no legal basis to assign the risk to the Builder.

¶7     After ruling, the trial judge retired. The Builder filed a motion for new trial alleging an error of law and insufficient evidence. A judge newly assigned to the case granted the Builder's motion, stating that he could see no "reasonable basis for finding that [the Builder] had a contractual duty under the REPC to investigate the soil's suitability for a swimming pool." The judge relied on paragraph 14 of the REPC, which releases the Builder from any liability with respect to all future improvements by the Homeowners, including grading and excavation work. He concluded that "it is unreasonable to circumvent this express provision by purporting to fill a void about the risk of loss associated with placement of additional

---

1. The Homeowners resolved their claims against the pool builder at trial.

soil." He also awarded attorney fees to the Builder under the attorney fee provision in the REPC.

ISSUES

¶8    The Homeowners raise two issues on appeal. First, they contend that the trial court exceeded its discretion in granting a new trial. Second, they contend that the trial court erred in awarding the Builder attorney fees under the REPC.

ANALYSIS

I. Motion for a New Trial

¶9    The Homeowners contend that the trial court exceeded its discretion in granting a new trial because the REPC imposed a duty on the Builder to provide soil suitable for the construction of backyard improvements or at least to investigate the suitability of the additional soil for backyard improvements on the Property.[2]

¶10   The Builder responds that the REPC was the entire agreement between the Builder and the Homeowners and that

---

2. The Homeowners also contend that the trial court exceeded its discretion in granting a new trial because the Builder failed to marshal the evidence in support of its motion for a new trial. In support of this contention, the Homeowners cite case law discussing the appellate marshaling standard. However, they cite no authority for their assumption that the appellate marshaling rule, which appears in the Utah Rules of Appellate Procedure, applies to a party's motion for new trial in the trial court. Accordingly, we do not further address this contention. *See* Utah R. App. P. 24(a)(9).

"the REPC was never modified by the parties." The Builder further argues that the successor judge "properly concluded that the REPC imposes a contractual obligation on [the Homeowners] to 'properly engineer' improvements such as the pool constructed by [the pool builder] and that [the Homeowners] failed to perform this obligation."

¶11   "A trial court's decision to grant or deny a motion for a new trial is reviewed for an abuse of discretion." *Clayton v. Ford Motor Co.*, 2009 UT App 154, ¶ 5, 214 P.3d 865. "However, if the court's ruling is based upon a conclusion of law, we review the decision for correctness." *Horrell v. Utah Farm Bureau Ins. Co.*, 909 P.2d 1279, 1280 (Utah Ct. App. 1996).

¶12   We first note that both judges agreed that the REPC was a fully integrated agreement between the Homeowners and the Builder. The original judge found that the REPC "entered into by the parties with all 12 addenda is in fact the agreement between the parties, that is basically uncontroverted." The successor judge did not disturb this finding. We accordingly look first to the REPC to determine the parties' rights and responsibilities.

¶13   Paragraph 7 of the REPC provides that the Builder "agrees to construct the Home on the Lot . . . in substantial conformity with [the Builder's] Standard Plans and Specifications as of the time of Start of Construction." Paragraph 14.3 of the REPC addresses future improvements to the Property. It places the duty to properly engineer future improvements squarely on the Homeowners:

> Buyer agrees to purchase the Property subject to the following additional disclaimers and to release [the Builder] from any liability, and to indemnify [the Builder] from any liability, with respect to the following enumerated items. . . . :

> Future improvements by Buyer, including walls, fencing, grading, landscaping or excavation work on the Lot which could disrupt drainage and/or retention and cause flooding or ponding if not correctly engineered (and Buyer hereby agrees to correctly engineer all such future improvements).

This provision relieves the Builder of liability for future improvements by the Homeowners. Excavating the backyard and constructing the pool and spa qualify as future improvements by the Homeowners. Accordingly, under the REPC, the Builder has no liability for problems related to the pool and spa.

¶14 However, the Homeowners maintain that the parties later modified the REPC. They argue that, after the parties signed the REPC, the Builder agreed to provide soil suitable for the construction of backyard improvements or at least to investigate the suitability of the soil for backyard improvements. Accordingly, our inquiry focuses on the purported modification of the REPC. The Homeowners argue that it is "undisputed that the grading of [the Property] was not in conformity with the grading plan prepared by [the Builder] at the time of the start of construction." They argue that there was an agreement "to modify the grading of [the Property] which included the suitability of the soil for the construction of improvements."

¶15 "[P]arties to a contract may, by mutual consent, modify any or all of a contract." *Harris v. IES Assocs., Inc.*, 2003 UT App 112, ¶ 46, 69 P.3d 297 (alteration in original) (citation and internal quotation marks omitted). "A valid modification of a contract . . . requires a meeting of the minds of the parties, which must be spelled out, either expressly or impliedly, with sufficient definiteness." *Westmont Residential LLC v. Buttars*, 2014 UT App 291, ¶ 15, 340 P.3d 183 (omission in original) (citation and internal quotation marks omitted). "The party claiming that

there has been a modification to a contract . . . carries the burden of proof for showing the parties' mutual assent to the modification." *Id.* (citation and internal quotation marks omitted).[3]

¶16    The Homeowners argue that the parties modified paragraph 14.3 of the REPC. They point to Mr. Mardesich's testimony that, following a discussion with a representative for the Builder, it was his "understanding that the entire level portion of [his] yard would be able to be used as a buildable area for backyard improvements." This "understanding" is not

_____

3. The Builder contends that because the REPC was fully integrated, evidence of any subsequent modification is parol evidence and "is not admissible to vary or contradict clear and unambiguous terms of [the REPC]." Our supreme court has explained that, "as a principle of contract interpretation, the parol evidence rule has a very narrow application. Simply stated, the rule operates, in the absence of fraud or other invalidating causes, to exclude evidence of contemporaneous conversations, representations, or statements offered for the purpose of varying or adding to the terms of an integrated contract." *Tangren Family Trust v. Tangren*, 2008 UT 20, ¶ 11, 182 P.3d 326 (emphasis, citation, and internal quotation marks omitted). But the parol evidence rule "'only purports to foreclose events which precede or accompany a written or oral integration, not those which come later.'" *Reynolds v. Gentry Fin. Corp.*, 2016 UT App 35, ¶ 18, 368 P.3d 96 (quoting *Wilson v. Gardner*, 348 P.2d 931, 933 (Utah 1960)). Because a "subsequent mutual agreement" is not a contemporaneous or prior conversation, representation, or statement, it is not parol evidence. *Gary Porter Constr. v. Fox Constr., Inc.*, 2004 UT App 354, ¶ 21 n.5, 101 P.3d 371. Consequently, because the Homeowners allege that the parties entered into a "subsequent mutual agreement . . . it is not parol evidence." *See id.*

"spelled out, either expressly or impliedly, with sufficient definiteness" to establish a valid modification of paragraph 14.3. *See Westmont Residential LLC*, 2014 UT App 291, ¶ 15 (citation and internal quotation marks omitted). But even read generously, this testimony does not indicate that the parties agreed to shift to the Builder the duty to "correctly engineer all such future improvements." Nor does it indicate that the parties agreed to modify paragraph 14.3, which explicitly releases the Builder from any liability with respect to "[f]uture improvements by Buyer . . . if not correctly engineered." The Homeowners have thus failed to carry "the burden of proof for showing the parties' mutual assent to the modification" of paragraph 14.3 of the REPC. *See id.* (citation and internal quotation marks omitted).[4]

¶17    Accordingly, the trial court did not err in concluding that "there does not appear to be any reasonable basis for finding that [the Builder] had a contractual duty under the REPC to investigate the soil's suitability for a swimming pool, particularly when paragraph 14 of the REPC expressly allocates to [the Homeowners] the responsibility for proper engineering of improvements involving excavation, which would include an improvement such as the swimming pool here."

---

4. The Homeowners also contend that because the grading of the Lot changed due to flooding after the parties signed the REPC, the Lot was not constructed "in substantial conformity with the [Builder's] Standard Plans and Specifications"—proof that "the agreement of the parties was changed." Even assuming the Homeowners are right on this point, nothing in the record alters the fact that the excavation and construction of the pool was a future improvement, and paragraph 14.3 of the REPC expressly releases the Builder from liability for future improvements.

¶18    Finally, we address the original trial judge's conclusion that because "the risk of loss associated with the placement of as much as fifteen feet of additional soil on [the Property] was left unaddressed by the parties," "the risk associated with the placement of the additional soil is placed in the hands of [the Builder]." The successor judge corrected this finding, explaining that "far from being silent . . . the REPC clearly imposes on [the Homeowners] the responsibility for proper engineering of an improvement such as the swimming pool here."

¶19    We agree with the successor judge. "A term is implied-in-law where the contract is silent." *Allstate Enters., Inc. v. Heriford*, 772 P.2d 466, 468 (Utah Ct. App. 1989). "An implied-in-law term will be imposed even though the parties may not have intended it and binds the parties to a legally enforceable duty. However, the court can only supply reasonable terms to supplement a contract which is silent." *Id.* (citation omitted).

¶20    Here, the REPC was far from silent on the question of which party was responsible for the proper engineering of future improvements. Paragraph 14.3 explicitly placed that duty on the Homeowners. Accordingly, the trial court did not err in concluding that "the Judgment should be amended to correct the legal error that occurred when a contract duty was imposed on [the Builder] to investigate the suitability of the soil for a swimming pool."

## II. Attorney Fees

¶21    Because we conclude that the trial court did not exceed its discretion in granting the Builder's motion for a new trial, we need not address the Homeowners' argument that the trial court erred in awarding the Builder fees. "[W]hen a party who received attorney fees below prevails on appeal, the party is also entitled to fees reasonably incurred on appeal." *Valcarce v. Fitzgerald*, 961 P.2d 305, 319 (Utah 1998) (plurality opinion)

(citation and internal quotation marks omitted). Accordingly, we award the Builder reasonable attorney fees on appeal.

CONCLUSION

¶22   For the foregoing reasons, the judgment of the trial court is affirmed.

_____